PER CURIAM.
This cause is before us on appeal from an order awarding appellee/claimant tern- *281 porary partial wage-loss benefits for May, 1986, and reclassifying permanent partial wage-loss benefits paid from January to April, 1986, to temporary partial wage-loss benefits. The employer/carrier raised numerous issues for our consideration on appeal, and with a single exception, we find them to be without merit. The facts relevant to the exception are as follows.
In 1985, claimant requested a hearing to determine his entitlement to temporary partial disability benefits through September of that year. Medical testimony was presented at the hearing that claimant had been compensably injured and had not reached maximum medical improvement. The deputy commissioner duly entered an order awarding the requested benefits through September 30, 1985. The order was not prospective and was limited to a determination as of September 30.
In January, 1986, claimant began submitting permanent partial wage-loss benefit requests to the employer/carrier. The employer/carrier voluntarily paid these benefits through April, when it refused further payment on grounds not relevant here. Claimant filed a new claim for temporary partial wage-loss benefits for May, 1986, and for reclassification of the voluntarily paid permanent wage-loss benefits to temporary wage-loss benefits. Claimant’s explanation for requesting reclassification was that he was not at maximum medical improvement, and he had mistakenly submitted forms for permanent benefits when he had meant temporary benefits.
At a hearing held in January, 1987, neither side submitted any evidence of claimant’s medical condition in 1986. The deputy made the requested reclassification and awarded temporary partial wage-loss benefits for May, 1986. On appeal, the employer/carrier argued that because the 1985 order only determined claimant’s medical condition through September, 1985, and as no new evidence was presented concerning claimant’s condition at the 1987 hearing, claimant had failed to prove entitlement to the May, 1986 benefits or reclassification of the benefits already paid. We find the point well taken and reverse, there being no competent, substantial evidence to support the deputy’s decision.
Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
BOOTH, WIGGINTON and BARFIELD, JJ., concur.